752

[No. 1298-2.    Division Two.    June 27, 1975.]

SYLVIA OTTENBACHER, *Appellant*, v. THE CITY OF HOQUIAM, *Respondent.*

*Anton J. Miller,* for appellant.

*John Kennedy, F. Ross Burgess,* and *Omar S. Parker,* for respondent.

PEARSON, J.—Plaintiff's action for false imprisonment was dismissed at the conclusion of her case. The only issue on appeal is whether the evidence was sufficient to warrant submission of the case to the jury.

██ Our review of the record persuades us that the dismissal was proper. We are mindful that the evidence and all reasonable inferences therefrom must be viewed in a light most favorable to plaintiff. *Jackson v. Standard Oil Co.,* 8 Wn. App. 83, 505 P.2d 139 (1972).

On the evening in question, plaintiff, her estranged husband, and the latter's mother, Mrs. Loretta Tilly, had been

drinking at a Hoquiam tavern for some 3 hours. An altercation between them occurred just as the three were leaving by car for Mrs. Tilly's residence in Hoquiam. It is a fair inference that plaintiff's husband and his mother were intoxicated, and viewing the evidence favorably to plaintiff, she was not affected by the small amount of beer which she had consumed.

The altercation climaxed in the car when plaintiff testified that her husband choked her and refused to permit her to leave the car when an intermediate stop was made.

Upon arrival at Mrs. Tilly's home, plaintiff desired to pick up her three children, ages 8, 6, and 3, and to drive with them to her own home in Aberdeen. The children had been left at her mother-in-law's home with other relatives. When plaintiff's husband would not permit her to leave the Tilly residence, she called the police, reported an assault, and asked the police to come to her assistance. The time was 12:30 a.m.

When the police arrived, plaintiff and the three children, two of them without shoes, were in the process of leaving the premises. The false imprisonment allegedly occurred when the police insisted that plaintiff enter the police vehicle—against her will and after threat of arrest by police—and return to the Tilly residence, to remain there until the police had concluded their investigation of the altercation. Plaintiff's evidence established without dispute that she refused to cooperate with the police and became verbally abusive to them upon arrival at the home. Her obscenities, according to other witnesses, occasioned another arrest threat during the police attempts to settle the domestic altercation.

Plaintiff contends that the restraint on her freedom during the short period involved established a prima facie case of false imprisonment. *Harris v. Stanioch*, 150 Wash. 380, 273 P. 198 (1928).

■■ We agree that an *unlawful* restraint by police officers, even without formal arrest or imprisonment and for a short duration, may constitute a false imprisonment.

*Harris v. Stanioch, supra.* However, the question presented in this case is whether the restraint was in fact unlawful, so as to constitute an unreasonable intrusion upon plaintiff's right to freedom of movement. It is our view that such restraint as a matter of law was not such an unlawful intrusion on plaintiff's rights under the circumstances of this case.

By refusing to cooperate with the police, whom she had summoned to investigate a reported assault, plaintiff committed a misdemeanor in the presence of the police, which gave them the right to arrest her, if necessary. RCW 9.69.060 provides, in part:

> Every person who, after due notice, shall refuse or neglect to make or furnish any statement, report or information lawfully required of him by any public officer, . . . or who shall wilfully hinder, delay or obstruct any public officer in the discharge of his official powers or duties, shall be guilty of a misdemeanor.

The evidence is undisputed that plaintiff violated this statute after the police responded to her call. Since an arrest was justified under the circumstances, the restraint or imprisonment which occurred was likewise justified. *See Smith v. Drew,* 175 Wash. 11, 26 P.2d 1040 (1933).

It would be against public policy to countenance a false imprisonment claim under these facts. Reporting a crime to the police and calling for their assistance in a domestic dispute is a serious matter which imposes a legal duty upon the police to respond. To say that the police have no right to detain and question the complainant and otherwise investigate the reported crime without penalty of a false imprisonment claim would be an absurdity. The statute referred to above imposed a legal duty upon plaintiff to cooperate with the police. She refused, and under the circumstances as adduced by her proof, the detention was legally justified.

Affirmed.

Armstrong, C.J., and Petrie, J., concur.

Petition for rehearing denied July 16, 1975.

Review denied by Supreme Court November 5, 1975.